### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
STACY B.                      :    Civ. No. 3:20CV00903(SALM)
                              :
v.                            :
                              :
KILOLO KIJAKAZI,              :
ACTING COMMISSIONER, SOCIAL   :
SECURITY ADMINISTRATION[1]    :
                              :    August 13, 2021
------------------------------x
```

### ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES IN ACCORDANCE WITH THE AGREEMENT OF THE PARTIES

Plaintiff Stacy B. ("plaintiff") filed concurrent applications for Supplemental Security Income and Disability Insurance Benefits on February 22, 2018, and February 28, 2018, alleging disability beginning June 6, 2017. See Certified Transcript of the Administrative Record, Doc. #15, compiled on November 4, 2020, (hereinafter "Tr.") at 273-85. Plaintiff's applications were denied initially on June 19 2018, see Tr. 190-200, and upon reconsideration on August 28, 2018. See Tr. 203-10.

On February 13, 2019, plaintiff, represented by attorney Rebecca Bodner, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Louis Bonsangue. See generally

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021. She is now the proper defendant. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g). The Clerk of the Court is directed to update the docket accordingly.

Tr. 44-88. On April 2, 2019, the ALJ issued an unfavorable decision. See Tr. 16-43. On May 6, 2020, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's April 2, 2019, decision the final decision of the Commissioner. See Tr. 1-7. Plaintiff, represented by Attorney Meryl Anne Spat, timely appealed that decision to this Court on July 1, 2020. [Doc. #1]. The parties consented to the jurisdiction of the undersigned on that same date. See Doc. #7.

On November 9, 2020, the Commissioner (hereinafter the "defendant" or the "Commissioner") filed the official transcript. [Doc. #15]. On February 1, 2021, plaintiff filed a Motion for Reversal or Remand Order. [Doc. #19]. On April 30, 2021, defendant filed a Consent Motion to Remand to Agency Under Sentence Four of 42 U.S.C. §405(g) [Doc. #25], which the Court granted. [Doc. #26]. Judgment entered for plaintiff on April 30, 2021. [Doc. #28].

On July 21, 2021, plaintiff filed an Application and Affidavit for Attorney's Fees Under 28 U.S.C. §2414. [Doc. #29]. On August 11, 2021, defendant filed a Response to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act. [Doc. #30]. The response states: "After discussions with Plaintiff's counsel, Plaintiff and Defendant agreed that Plaintiff shall be awarded attorney fees in the amount of $9,200.00 under the Equal Access to Justice Act ('EAJA'), 28

U.S.C. §2412, in full and final satisfaction (upon payment) of any and all claims under EAJA." Doc. #30 at 1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review plaintiff's counsel's billing documents and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of hours incurred by plaintiff's counsel to determine whether the agreed upon amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' agreement as set forth in defendant's Response to Plaintiff's Application for Attorney Fees Pursuant to the EAJA [**Doc. #30**], and **GRANTS** the Application for Award of

3

Attorney's Fees under 28 U.S.C. §2412 [**Doc. #29**], for the agreed upon amount of **$9,200**.[2]

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4)

---

[2] Plaintiff's motion seeks an award for $4.50 in costs. See Doc. #29 at 2. The Court construes the parties' agreement, as set forth in the defendant's response, as disposing of any request for costs made by plaintiff. See Doc. #30 at 1. Nevertheless, it bears noting that here, the Court granted plaintiff in forma pauperis status. See Doc. 8. "In proceedings in which the plaintiff is afforded in forma pauperis status, the plaintiff may not seek costs from the United States." Keaton v. Saul, No. 3:19CV01487(RMS), 2021 WL 131266, at *3 (D. Conn. Jan. 14, 2021); see also 28 U.S.C. §1915(f)(1) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred."). Attorney Spat should be aware of this provision given that she represented the plaintiff in Keaton.

that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

In the "Table of Services Rendered" attached to plaintiff's application, plaintiff's attorney claims fees for 67.83 hours of work at a rate of $205.00 per hour. See Docs. #29 at 1, #29-1 at 9-13. The parties have reached an agreement under which defendant would pay $9,200 in fees, which represents 44.9 hours of attorney time. See Doc. #30 at 1. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[3] This Court has a duty to review plaintiff's itemized "Table of Services Rendered" to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

---

[3] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[4] See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 44.9 hours of work, reduced from the 67.83 hours actually incurred. See Docs. #29, #29-1, #30. The administrative transcript in this case was comprised of a substantial 2,278 pages and plaintiff's counsel submitted a thorough and well-reasoned brief. See

---

[4] Plaintiff's motion is timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). Thus, in this case, the 30-day EAJA clock began to run on June 29, 2021, 60 days after judgment for plaintiff entered. Plaintiff timely filed her application on July 21, 2021. See Doc. #29.

<u>generally</u> Doc. #19-1. Additionally, counsel did not represent plaintiff during the administrative proceedings. The Court finds the attorney time reasonable for the work claimed, including: review of the administrative transcript [Doc. #15]; preparation of the motion to reverse and supporting memorandum [Docs. #19, #19-1]; and preparation of the statement of material facts [Doc. #19-2]. <u>Cf.</u> <u>Rodriguez v. Astrue</u>, No. 08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); <u>see also</u> <u>Lechner v. Barnhart</u>, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); <u>cf.</u> <u>Barbour v. Colvin</u>, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." <u>Poulin v. Astrue</u>, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotation marks omitted); <u>Cobb v. Astrue</u>, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). "However, in cases where the specific circumstances warrant it, courts do not hesitate to award fees in excess of

twenty to forty hours." Butler v. Colvin, No.
3:13CV00607(CSH)(JGM), 2015 WL 1954645, at *2 (D. Conn. Apr. 29,
2015) (citation and quotation marks omitted). Although 44.9
hours just exceeds the presumptively reasonable time for
prosecuting a Social Security appeal, the agreed upon hours
sought are reasonable given the length of the record and the
fact that plaintiff's counsel did not represent plaintiff during
the administrative proceedings. See, e.g., Chesmar v. Saul, No.
3:18CV00284(SALM), 2019 WL 3816786, at *3 (D. Conn. Aug. 14,
2019) (finding stipulation of 44 hours reasonable given the
actual number of hours claimed by the attorney and the "number
of hours for client interaction given plaintiff's cognitive
difficulties"); Yulfo-Reyes v. Berryhill, No. 3:17CV02015(SALM),
2019 WL 582481, at *4-5 (D. Conn. Feb. 13, 2019) (awarding fees
for 60 hours of work where, inter alia, the record at issue was
over 2,000 pages, and plaintiff's pro bono counsel did not have
experience in Social Security law and did not represent
plaintiff during the administrative proceedings).

Accordingly, the Court finds that the agreed upon time is
reasonable, particularly in light of the parties' agreement,
which adds weight to the claim of reasonableness. Therefore, an
award of $9,200 in fees is appropriate. Therefore, the Court
**APPROVES and SO ORDERS** the parties' agreement as set forth in
defendant's Response to Plaintiff's Application for Attorney

Fees Pursuant to the EAJA [**Doc. #30**], and **GRANTS** the Application

for Award of Attorney's Fees under 28 U.S.C. §2412 [**Doc. #29**],

for the agreed upon amount of **$9,200.**

SO ORDERED at New Haven, Connecticut this 13th day of

August, 2021.

                         /s/
                      Hon. Sarah A. L. Merriam
                      United States Magistrate Judge